## LOUIS SNOGA v. THE STATE.

### No. 2658.  Decided April 27, 1904.

**1.—Information Complaint—Variance.**

Where the complaint alleged the theft of one "steel strap" and the information a "steel trap," the variance was fatal.

**2.—Evidence—Insufficiency.**

See evidence in the opinion held to be insufficient to support a conviction for theft.

Appeal from the County Court of Wilson. Tried below before Hon. H. B. Gouger.

Appeal from a conviction of theft under the value of fifty dollars; penalty, one hour confinement in the county jail.

The opinion states the case.

*L. B. Camp,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State

DAVIDSON, PRESIDING JUDGE.—The complaint charges appellant with the theft of one "steel strap." The information alleges that it was a "steel trap." This variance between the allegations of the complaint

and information is fatal to the conviction.   But if this is an error in transcribing the record, and could be cured upon proper showing, still we do not believe this judgment should be.affirmed because of the want of sufficient evidence to justify the conviction.   David Fergurson owned a steel trap, which he had set near the roadside, and which was taken. Appellant passed along the road near this trap, driving a wagon, to which was hitched a mule and a horse.   W. I. Fergurson testified that defendant was the only person he saw pass his house that day.   The alleged owner lived with W. I. Fergurson and was his son.   This witness further testified that he looked for and saw tracks leading from the bush, where the trap was set, to the road; and saw where a wagon had stopped in the road and where a mule had pawed the ground.   These were the only tracks that he saw.   This is the State's case.   These tracks were not shown to have led from the wagon to the trap.   If it was appellant driving his wagon along the road who took the trap, he had to go from the wagon to the trap in order to get it.   There is nothing to indicate that the tracks on the ground were those made by appellant further than the fact that he passed along the road and was driving a wagon with a mule and a horse hitched to it.   Appellant denies having gotten the trap, and supports this testimony by his father and Will Edwards.   Edwards rode in the wagon with appellant for some distance after appellant passed the spot where the trap should have been taken; that he had no steel trap in the wagon, and only had a rope and a pitchfork.   The father testified there was no steel trap in the wagon, only a pitchfork and rope.   The evidence is not sufficient to justify the conviction.   The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*